UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SHANA DOTY, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

ADT, LLC d/b/a ADT SECURITY SERVICES, a Delaware limited liability company,

                Defendant.

Case No. 0:20-cv-60972-AHS

**DEFENDANT'S MOTION FOR LEAVE TO FILE
MOTION TO DENY CLASS CERTIFICATION**

ADT LLC ("ADT") moves this Court for leave to file a Motion to Deny Class Certification and for immediate consideration of that Motion by the Court prior to the deadline for Plaintiff's motion for class certification. In support hereof, ADT states as follows:

This purported class action arises out of ADT's self-reporting of isolated criminal conduct by a now-former ADT technician (who is also named as a defendant in this lawsuit). That conduct affected 216 Pulse customer households, including that of Plaintiff Doty. Following that conduct, Plaintiff brings five claims against ADT including breach of contract, negligent and intentional torts, and a claim under Texas consumer protection statute.[1] Plaintiff also seeks certification of a nationwide class of "[a]ll ADT Pulse customers in the United States whose security systems were remotely accessed by an employee or agent of Defendant ADT without authorization from the customer" and a sub-class of "[a]ll ADT Pulse customers in the United States whose security systems were remotely accessed by Telesforo Aviles without authorization from the customer."

---

[1] Plaintiff's claims for intrusion upon seclusion, for violation of the Computer Fraud and Abuse Act, and for injunctive relief in the form of privacy monitoring were dismissed. [ECF No. 85].

[ECF No. 47, ¶ 50]. Plaintiff seeks to recover economic damages in the form of replacement costs for replacing ADT devices and non-economic damages for emotional distress.

This lawsuit has been pending for over 9 months, during which time the parties have engaged in written discovery. Plaintiff has served one set of interrogatories and requests for production on ADT in October 2020 and ADT has produced over 11,000 pages of documents, beginning its production in August 2020 and completing its production on February 10, 2021. Plaintiff has not served any additional discovery, nor raised any discovery matters with the Court. Moreover, the parties are scheduling mediation to occur by May 7, 2021.[2] [ECF No. 94]

Following the Court's ruling on ADT's motion to dismiss, the Court required the Parties to submit a joint scheduling report and proposed scheduling order. [ECF No. 87] In their submission, the Parties agreed to a pretrial schedule of deadlines, including a deadline by which Plaintiff must file any motion for class certification. [ECF No. 88] The parties disagreed as to whether to include that same deadline as the deadline by which ADT could file any motion to deny class certification. *Id.*

On February 5, 2021, this Court entered a Scheduling Order setting a trial date and pretrial deadlines in this matter. [ECF No. 90] Among those deadlines, the Court required Plaintiff to file any motion to certify a class by June 11, 2021. *Id*. The Court indicated that ADT "may raise all grounds for denying class certification in its response to Plaintiff's Motion to Certify Class and may move for leave to file a sur-reply, if necessary." [ECF No. 90 at n. 1].

While ADT agrees it makes little sense to have competing motions to grant and deny certification filed at the same time in June, ADT seeks leave from this Court to file a motion to deny class certification <u>now</u>, rather than in June.

---

[2] Notably, the parties are setting mediation well in advance of the November mediation deadline set by the Court's Scheduling Order.

## MEMORANDUM OF LAW

**I.   A motion to deny class certification is procedurally proper and would save time and judicial resources.**

"At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). An early decision on whether litigation may proceed as a class action helps avoid the "unnecessarily high risk [presented by] introducing needless and avoidable complexity into an already complex case." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1279 (11th Cir. 2009) ("Rule 23 demands an early consideration of class certification."). It also serves to stream-line discovery, simplify the issues in litigation, and assist the parties in assessing potential case value, conserving the resources of both the Court and the Parties.

Neither the Federal Rules of Civil Procedure, nor the Local Rules of this Court, prohibit a defendant from serving a motion to deny class certification. Instead, consistent with Rule 23's mandate, a court is not required to await a plaintiff's motion to certify the proposed class and may instead issue an order upon a defendant's motion, or "even where neither party moves for a ruling on class certification." *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.37 (11th Cir. 2003) (citation omitted); *see also e.g.*, *Williams v. Burger King Corp.*, Case No. 19-24755-SINGHAL, 2020 WL 5083550 (S.D. Fla. Jul. 20, 2020); *Turner v. Food Corp.*, No. 08-61042-CIV, 2009 WL 10668616, at *2 (S.D. Fla. Feb. 3, 2009) (noting that Rule 23 does not prevent a defendant from moving preemptively to preclude class certification). Indeed, "district courts throughout the nation have considered defendants' 'preemptive' motions to deny certification." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 940 (9th Cir. 2009)

(collecting cases).³ Simply stated, a court should determine whether to certify a proposed class as soon as the court is able to determine the viability of maintaining a class under Rule 23.

## II.     The existing record adequately resolves certification issues.

Here, class certification can be adjudicated at this time and leave should be granted for ADT to file a motion to deny class certification. It is abundantly clear from the nature of Plaintiff's claims, the damages sought, and the record as it exists that Plaintiff cannot satisfy the Rule 23 requirements of commonality, typicality, adequacy, predominance, superiority and manageability. That is because a myriad of individualized issues exist at every step of the way along Plaintiff's burden of proof. The causation and damages requirements of Plaintiff's tort claims inherently give rise to individualized issues, making those claims generally unsuitable for class action treatment, as does the actual reliance element of Plaintiff's DTPA claim. Moreover, here, specific individualized issues exist with regard to contract formation (the existence and enforceability of arbitration provisions in the contracts governing the 216 potentially affected accounts); standing; frequency, nature, and timing of Aviles' account access, if any (some accounts were never accessed by Aviles beyond the addition of his email address); circumstances surrounding how access was first obtained; representations made by ADT and/or Aviles to account holders; customers' subjective understanding of the operation and security of their systems; and whether and to what extent a class member was damaged (whether Aviles actually accessed a camera feed during a time a customer was home and visible). Further discovery, to the extent Plaintiff intends to pursue any, will not obviate these individualized issues, nor will it be possible for Plaintiff to

---

³ Secondary Sources also recognize that defendants may put class certification at issue by moving to deny certification. *See, e.g.,* 5 Moore's Federal Practice § 23.82[1], at 23-380 (2008) ("The defendant need not wait for the plaintiff to act, however. The defendant may move for an order denying class certification."); 7AA C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 1785, at 360 (2005) ("Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)").

"discover" some uniform way in which the varied claims of the putative class members can be adjudicated in a manageable fashion through a class action. Further discovery will likewise not assist Plaintiff in establishing a damages model for computing emotional distress damages on a class-wide basis.

Moreover, a class action here is not superior to other methods of adjudication. Of the 216 putative class members, 182 accounts are governed by contracts with arbitration clauses and class action waivers, leaving only 34 account holders whose contracts allow them to pursue class action recovery. ADT has resolved the claims of 15 of those remaining 34 account holders, leaving a putative class of at most 19 account holders (some of whom have separately retained counsel and have no interest in participating in this class action). Given the small number of accounts that may actually benefit from a class action, as well as the myriad of individualized issues that predominate throughout Plaintiff's claims, an early determination of class certification is not only feasible but will serve the interests of judicial economy and efficiency.

For these reasons, good cause exists to grant ADT leave to file a motion to deny class certification at this time, and for the Court to consider that motion in advance of Plaintiff filing a motion for class certification. In addition, this lawsuit has been pending for over nine months, providing adequate time for class discovery. Because no further discovery is necessary to determine class certification, ADT requests leave of this Court to file a Motion to Deny Class Certification.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for ADT has conferred with Plaintiff's counsel on March 9-10, 2021 and Plaintiff's counsel indicted they oppose this motion.

Dated March 10, 2021							Respectfully submitted,

*Jennifer A. McLoone*
Alfred J. Saikali (Florida Bar No. 178195)
E-Mail: asaikali@shb.com
Jennifer A. McLoone (Florida Bar No. 029234)
E-Mail: jmcloone@shb.com
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
T: (305) 358-5171

-and-

Charles C. Eblen (*admitted pro hac vice*)
E-Mail: ceblen@shb.com
Jason R. Scott (*admitted pro hac vice*)
E-Mail: jscott@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
T: (816) 474-6550

**Counsel for ADT LLC**