UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60972-CIV-SINGHAL

SHANA DOTY, individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

ADT, LLC d/b/a ADT SECURITY SERVICES and
TELESFORO AVILES,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon ADT, LLC's Motion for Leave to File Motion to Deny Class Certification (DE [95]).  The motion is fully briefed and ripe for review.  For the reasons discussed below, the motion is denied.

In this action, Plaintiff Shana Doty seeks relief for herself and a putative class of ADT customers who installed the ADT Pulse home security system.  She alleges the system contained a vulnerability that enabled unauthorized persons to access customers' systems and view the videos taken by cameras installed in customers' homes.  Plaintiff alleges that ADT's installer, Defendant Telesforo Aviles, viewed videos of her in her home.  She seeks relief on behalf of all ADT Pulse customers in the United States whose security systems were remotely accessed by an employee or agent of ADT without authorization from the customer and a sub-class of all ADT Pulse customers in the United States whose security systems were remotely accessed by Telesforo Aviles without authorization from the customer. (DE [47]).

The parties submitted a Joint Scheduling Report (DE [88]) in which ADT noted that it wished "to preserve its right to file a Motion to Deny Class Certification at or before the time that Plaintiff moves for class certification." The Court entered a Scheduling Order (DE [90]) which set a deadline for Plaintiff to move for class certification and noted that "Defendant may raise all grounds for denying class certification in its response to Plaintiff's Motion to Certify Class and may move for leave to file a sur-reply, if necessary." Now Defendant has renewed its request for leave to file a Motion to Deny Class Certification.

"District courts have unquestionable authority to control their own dockets. This authority includes broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citing *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir.1971); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir.1997)). This discretion includes the ability to set filing deadlines.

In a class action, the plaintiff has the burden of proving the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) as well as "through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend,* 569 U.S. 27, 34 (2013). The Court is well-acquainted with the allegations and defenses made by the parties in this case and has determined that competing motions for and against class certification are neither necessary nor welcome. Defendant has been granted leave to raise all issues it feels are relevant to class certification in its response to Plaintiff's motion, *i.e.,* Defendant is not limited to responding to Plaintiff's arguments. The Court's Scheduling Order does not prejudice Defendant. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant ADT LLC's Motion for Leave to File Motion to Deny Class Certification (DE [95]) is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 1st day of April 2021.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF