UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHANA DOTY, individually and on behalf of all others
similarly situated,

      Plaintiff,

vs.                                 CASE NO. 20-60972-CIV-SINGHAL

ADT LLC d/b/a ADT SECURITY SERVICES, and
TELESFORO AVILES,

      Defendants.
_____/

RANDY DOTY, individually and on behalf of all others
similarly situated,

      Plaintiff,

vs.                                 CASE NO. 21-80645-CIV-SINGHAL

ADT LLC d/b/a ADT SECURITY SERVICES, and
TELESFORO AVILES,

      Defendants.
_____/

## ORDER CONSOLIDATING CASES

**THIS CAUSE** is before the Court upon the Plaintiff's Unopposed Motion to Consolidate Related Cases and Designate the Additional Action as a Related Case (DE [168]).  Shana Doty moves to consolidate this action with a separate claim brought by her husband, Randy Doty, in *Randy Doty v. ADT, LLC,* Case No. 21-80645-CIV-AHS.  Plaintiff also moves to designate a third case, *Bryant v. ADT, LLC,* Case No. 21-82359-CIV-DMM, as a related case.  Defendant ADT, LLC does not oppose the motion.

Federal Rule of Civil Procedure 42(a) authorizes the district court to consolidate cases when the cases involve common questions of law or fact. "This rule is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted). "In exercising its considerable discretion, the trial court is obliged to consider whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Eghnayem v. Bos. Sci. Corp.,* 873 F.3d 1304, 1313–14 (11th Cir. 2017) (citations omitted). "District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995)).

The actions brought by Shana Doty and Randy Doty arise from the same set of facts and should be tried together. Accordingly, it is hereby

**ORDERED AND ADJDUGED** as follows:

1. Case Number 20-60972-CIV-SINGHAL is **CONSOLIDATED** with Case Number 21-80645-CIV-SINGHAL.

2. Henceforth, all pleadings and papers shall be filed only in Case No. 20-60972-CIV-SINGHAL and shall bear the new consolidated caption set forth by the Court on page 1 of this Order. However, Plaintiff's response and Defendant's

    reply memorandum to ADT, LLC's Motion for Summary Judgment filed in Case No. 21-80645-CIV-SINGHAL shall be filed in that case.  But all other motions and notices shall only be filed in Case No. 20-60972-CIV-SINGHAL.

3. Case No. 21-80645-CIV-SINGHAL shall be **ADMINISTRATIVELY CLOSED**. Any documents filed in the administratively closed case in the future (except Plaintiff's response and Defendant's reply memorandum to ADT, LLC's Motion for Summary Judgment) shall be **automatically stricken.**

4. The Clerk shall place a copy of this Order in both Case No. 20-60972-CIV-SINGHAL and Case No. 21-80645-CIV-SINGHAL.

5. The Court designates the third case, *Bryant v. ADT, LLC,* Case No. 21-82359-CIV-DMM, as a related case, and notifies Judge Middlebrooks that the Court will accept transfer of that case pursuant to Internal Operating Procedure 2.15.00.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of December 2021.

                                                                       RAAG SINGHAL
                                                                         UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF