UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHANA DOTY,

    Plaintiff,

v.                                   CASE NO. 20-60972-CIV-SINGHAL/VALLE

ADT, LLC d/b/a ADT SECURITY
SERVICES, and TELESFORO AVILES,

    Defendants.
_____/

RANDY DOTY,

    Plaintiff,
vs.                                  CASE NO. 21-80645-CIV-SINGHAL/VALLE

ADT, LLC d/b/a ADT SECURITY
SERVICES and TELESFORO AVILES,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon ADT LLC's Omnibus Motion in Limine (DE [193]). Plaintiffs have filed a response in opposition. (DE [208]). Each topic ADT seeks to exclude is set forth below.

    1.    ADT moves to preclude evidence, argument, or testimony regarding the details of Aviles' conduct with regard to other households or customers. ADT does not specify exactly what evidence it is considering, except to say that it could result in 214 mini-trials. The Court declines to rule on the admissibility of evidence with such a broad description. The scope of Aviles' conduct is relevant, but the particulars may not be. The rules of relevancy will protect the jury from hearing 214 mini trials. Accordingly, the Motion is **DENIED WITHOUT PREJUDICE** as to this evidence, assuming Plaintiffs establish relevancy.

2. ADT moves to exclude evidence or testimony regarding ADT documents that post-date the incident. The motion fails to identify the particular documents at issue and the Court cannot make a bright line ruling that all documents that post-date the incident are irrelevant. The motion is **DENIED WITHOUT PREJUDICE** as to this evidence. ADT may, of course, object at trial on the basis of relevancy.

3. ADT seeks to exclude any evidence, argument, or cross-examination regarding ADT's subsequent remedial measures such as post-incident changes to ADT Pulse. The Federal Rules of Evidence do not contain a blanket prohibition on evidence of subsequent remedial measures. The motion is **DENIED WITHOUT PREJUDICE** as to this evidence. Admissibility of subsequent remedial measures is determined by Fed. R. Evid. 407. ADT may raise appropriate objections at trial and request the Court to instruct the jury as to any evidence of subsequent remedial measures that is admitted.

4. ADT seeks an order barring Plaintiffs from presenting any evidence, argument, or cross-examination regarding ADT's settlements with other customers or communications with customers besides Ms. Doty. The Motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART** as to this evidence. Evidence of settlements with other customers will not be admitted. Communications with other customers may be admissible, subject to relevancy and other rules of evidence. ADT may raise appropriate objections at trial.

5. ADT asks the Court to preclude any evidence, argument, or cross-examination speculating that images or video of the Doty family was distributed or posted online. ADT argues that there is no evidence that videos or images were shared online and, therefore, testimony about the possibility is speculative, unsupported, and may confuse the issues or mislead the jury. Fed. R. Evid. 403. Plaintiffs argue that this is a

legitimate fear of theirs and has contributed to their emotional distress. Plaintiffs' fears and the uncertainty of knowing whether images were shared likely has probative value that outweighs the damages of confusion of issues or misleading the jury.  And, again, the Court cannot rule on admissibility of testimony that it has not heard.  The motion will be **DENIED WITHOUT PREJUDICE** as to this evidence.  ADT may raise appropriate objections at trial.

6.  ADT asks the Court to preclude any evidence, argument, or cross-examination involving litigation conduct, class allegations, or expert opinions beyond those disclosed in discovery. The Court cannot discern what evidence ADT refers to but can state that pre-trial matters will not be re-litigated at trial.  Evidence of discovery and class action issues have no relevance to this case. But, without more information, the Motion will be **DENIED WITHOUT PREJUDICE** as to this evidence.  ADT may raise appropriate objections at trial.

7.  ADT argues that the Court should exclude the "Factual Resume" from Aviles' criminal prosecution as irrelevant, unfairly prejudicial, and inadmissible hearsay. ADT argues that it details Aviles' conduct involving five other customers, not the Dotys. Plaintiffs argue that Aviles is a party to this litigation and the Factual Resume falls within the Rule 804(b)(3) hearsay exception. As the Court has not reviewed the Factual Resume, the court will **DEFER RULING** on this issue.

For the reasons discussed above, it is hereby

**ORDERED AND ADJUDGED** that ADT's Omnibus Motion in Limine (DE [193]) is **GRANTED IN PART AND DENIED IN PART.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of March 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF