UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHANA DOTY,

    Plaintiff,

v.                                  CASE NO. 20-60972-CIV-SINGHAL/VALLE

ADT, LLC d/b/a ADT SECURITY
SERVICES, and TELESFORO AVILES,

    Defendants.
_____/

RANDY DOTY,

    Plaintiff,
vs.                                CASE NO. 21-80645-CIV-SINGHAL/VALLE

ADT, LLC d/b/a ADT SECURITY
SERVICES and TELESFORO AVILES,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion in Limine to Exclude Certain Evidence (DE [194]). Defendant ADT, LLC ("ADT") has filed a response. (DE [207]). Each topic Plaintiffs wish to exclude is set forth below.

    1.    Plaintiffs seek to exclude reference or argument that the use of "installation" or "service" mode was a standard industry practice, common in the alarm system, or industry custom. ADT argues that this topic is included in its expert's report. The Motion is **DENIED** as to this evidence, assuming Defendant establishes relevancy and a proper admissible foundation.

    2. Plaintiffs seek to exclude evidence or argument that the Dotys are still ADT customers, still use ADT's Pulse System, and/or still use the ADT camera in their home. The motion is **DENIED** as to this evidence.

3. Plaintiffs seek to exclude any reference to or evidence of prior criminal convictions of Randy Doty. Plaintiffs argue that Doty's convictions are beyond the 10-year cap and do not meet the requirement for admissibility in Rule 609(b). Evidence of a conviction may be admitted after 10 years if (1) the probative value, supported by specific facts and circumstances substantially outweighs its prejudicial effect and (2) the proponent gave written notice of the intent to use it so that the party has a fair opportunity to contest its use. Fed. R. Evid. 609(b).

ADT does not assert that it gave written notice of its intent to use this evidence, but Plaintiff has raised the issue prior to trial. Plaintiffs have, therefore, had fair opportunity to contest its use. As for probative value, ADT argues that Doty was not forthcoming about the number and type of convictions at his deposition and that this evasiveness is probative. ADT also argues that Doty's experiences while incarcerated are relevant to the issue of invasion of privacy.

The Court finds, at this time, that the probative value of this evidence does not substantially outweigh its prejudicial effect. The Motion is **GRANTED** as to this evidence. If, however, ADT finds it necessary to and, does in fact, introduce other means of impeachment that contradicts testimony given at trial by Mr. Doty, the Court may entertain a motion to reconsider this ruling.

4. Plaintiffs seek an order barring ADT from introducing the testimony of any witness who was not deposed during the fact discovery period. This is not a valid basis for excluding testimony. The Motion is **DENIED** as to this evidence. This ruling is not applicable to any witness who was not disclosed as required by the Federal Rules of Civil Procedure.

For the reasons discussed above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion in Limine to Exclude Certain Evidence (DE [194]) is **GRANTED IN PART AND DENIED IN PART.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of March 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF